## Moore v. Commonwealth.

Jan. 16, 1942.

D. Hollender Hall for appellant.

Hubert Meredith, Attorney General, and Wm. F. Neill, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellant was convicted of shooting and wounding Colonel Bolen with intent to kill, and sentenced to two years' confinement in the penitentiary. He appeals, urging that the court failed to instruct on the whole law of the case, and that the evidence was insufficient to take the case to the jury or support its verdict. Appellant testified, in answer to a direct question, that he shot Bolen "to save Okie Fitch's life." But, granting that the weight of the testimony tended to establish that Bolen and his companions were the aggressors in the "free for all" fight with rocks and clubs in which he had knocked Fitch down and that other adherents of appellant had been felled, and that Bolen was threatening to inflict further damage upon Fitch with a rock, there was evidence, which the jury had the right to accept, that Bolen had abandoned the affray and was retiring from the battleground when he was shot by appellant with the shotgun which appellant had taken from the hands of Troy Bolen's wife, in front of whose home the battle had occurred. No other fire arms were displayed by any of the participants; and while appellant may have had ample grounds to believe that Fitch was in danger, it does not appear that he himself had been threatened or molested.

The entire episode appears to have been but another of the innumerable shooting scrapes resulting from trivial or fancied wrongs, idleness, and liquor which have disgraced so many of our communities, and it would be but a waste of time to recite the circumstances which led up to it. It is sufficient to say that while there was no proof that appellant had been drinking, or that he was the aggressor at the beginning of the difficulty, the evidence as to the circumstances which caused him to shoot was conflicting, and the issue of his guilt or innocence was peculiarly within the province of a jury of the vicinage to determine.

The felony of which appellant was convicted was that denounced by Section 1166, Kentucky Statutes, and the court, in its first instruction, as was proper, employed the language of the Statute. Instruction No. 2 embraced the misdemeanor defined in Kentucky Statute, Section 1242; and the third instruction in the usual form set forth appellant's right to defend himself. Instruction No. 4 in substance directed the jury to acquit appellant

if, at the time he shot, Bolen was engaged in the act of striking Fitch with rocks, and appellant believed and had reasonable grounds to believe that Fitch was in immediate danger of death or great bodily harm at the hands of Bolen, and shot Bolen to avert that danger, "using no greater force than he believed at the time to be necessary for that purpose." Instruction No. 5 told the jury to acquit appellant, unless they believed that he had been proven guilty beyond a reasonable doubt; but if the only doubt entertained was whether appellant was guilty of malicious shooting and wounding as described in the first instruction, or of shooting and wounding in sudden affray as set out in the second, they should find him guilty of the lesser offense and fix his punishment accordingly.

Specifically, appellant's complaint of the instructions is that they "did not give the appellant the benefit of defending an apparent assault upon or against any person other than himself or Oakie Fitch," when, as a matter of fact, the testimony fully revealed the fact that Colonel Bolen, together with Buster and Willie Coburn, were engaged in a general "clean-up on all persons not a part of their clan, and there present"; and that instructions should have been given "which would have extended to the appellant the right to shoot or use any force, which, to him, under the circumstances appeared necessary to avert any danger to any person there present from the hands of Colonel Bolen."

A subsidiary complaint is that the instructions required the jury to believe that Bolen was in the act of striking Fitch with rocks in order to enable them to acquit appellant if he shot in Fitch's defense. But the difficulty with appellant's position is that at the time the shooting took place the battle was largely over, and there was no evidence that anyone, other than Fitch, was then in immediate danger, or that Fitch was endangered otherwise than by rocks in Bolen's hands; and appellant, according to his own testimony, shot only to save Fitch's life. Since instructions must be predicated upon testimony, we find no error in those given.

Judgment affirmed.